UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/11/26

XIAOQUAN CHEN,

Petitioner,

-against-

JUDITH ALMODOVAR, *Acting Director of the New York City Field Office of Immigration and Customs Enforcement*, KRISTI NOEM, *Secretary of the Department of Homeland Security*, and PAMELA BONDI, *Attorney General*,

Respondents.

1:25-cv-8350-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

Petitioner Xiaoquan Chen is a Chinese national who illegally entered the United States in December 2023 and "who has not been admitted or paroled" [ECF No. 1-1 ("Pet., Ex. A") at 1]. He was later apprehended by United States Customs and Border Protection ("CBP") and, shortly thereafter, released [ECF No. 11 ("Hampton Decl.") ¶ 5]. After his release, Petitioner filed an application for asylum and, after certain interim proceedings, an immigration judge set a hearing date for December 2028 [ECF No. 1-3]. Hampton Decl. ¶ 10. In the interim, however, on October 8, 2025, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody pending the resolution of his removal proceedings.

Petitioner, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a request for emergency relief, seeking his immediate release from custody or, in the alternative, a ruling that he is entitled to a bond hearing [ECF Nos. 1 (the "Petition" or "Pet."), 6]. The Court issued an Opinion and Order denying the Petition on the ground that Petitioner is subject to mandatory detention pending the resolution of his removal proceedings

pursuant to 8 U.S.C. § 1225(b)(2)(A) ("Section 1225(b)(2)(A)") [ECF No. 13 ("Opinion and Order")]. Petitioner appealed [ECF No. 15].

While Petitioner's appeal was pending, the United States Court of Appeals for the Second Circuit decided *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). In that appeal, the Second Circuit held that "Section 1225(b)(2)(A) does not apply to . . . noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha*, 175 F.4th at 69. It appears that the mandate in that appeal has not yet issued.

Meanwhile, the Second Circuit issued an Order vacating this Court's Opinion and Order and remanding this case pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for reconsideration in light of *Barbosa da Cunha* [ECF No. 17 ("Order Vacating and Remanding")]. Accordingly, IT IS HEREBY ORDERED that by **September 25, 2026** the parties shall file letters, not to exceed five pages, explaining their positions on how this Court should proceed in light of *Barbosa da Cunha* and the Second Circuit's Order Vacating and Remanding this Court's earlier decision. The parties shall address whether Petitioner's case is distinguishable from *Barbosa da Cunha* on the ground that, it appears from the record before the Court, Petitioner was apprehended by CBP "while entering the country or shortly thereafter." *Barbosa da Cunha*, 175 F.4th at 69; *see* Hampton Decl. ¶¶ 3, 4; *see* Pet. ¶ 12; Pet., Ex. A at 1.

**SO ORDERED.**

Mary Kay Vyskocil

**Date: September 11, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**